IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PEGGY PETROVIC, INDIVIDUALLY )
AND AS PLAINTIFF AD LITEM FOR )
ALEXANDER PETROVIC, JR., )
                                                                        )
                 Plaintiff, ) No. 4:18-00799-CV-RK
v. )
)
BP CORPORATION NORTH AMERICA )
INC., BP PRODUCTS NORTH AMERICA )
INC., JAMES BLAISE, RONALD W. )
GINSON, )
                 Defendants. )

**ORDER**

      Before the Court is Plaintiff's Motion to Remand. (Doc. 7.) The motion is fully briefed. (Docs. 8, 13, 17.) After careful consideration, the motion is **GRANTED**. This case is **REMANDED** to the Circuit Court of Jackson County, Missouri. However, Plaintiff's request for costs for seeking the remand of this action is **DENIED**.

**Background**

      Plaintiff originally filed this action for the wrongful death of her husband, which Plaintiff alleges was caused by exposure to pollutants released from a facility owned by Defendants BP Corporation North America, Inc. and BP Products North America, Inc., (collectively, "Amoco"). Plaintiff's action also names two former Amoco employees, Defendants James Blaise and Ronald Ginson. (Doc. 1-1 at ¶¶ 6, 7.) Plaintiff's action involves the following counts: negligence (Count I), negligence per se (Count II), res ipsa loquitur (Count III), inherently dangerous activity (Count IV), and battery (Count V). Plaintiff filed the action in Missouri state court, and Blaise removed. Plaintiff maintains that because Ginson is a citizen of Missouri, his presence precludes removal under the forum-defendant rule. *See* 28 U.S.C. § 1441(b)(2).[1] However, Defendants argue this Court has diversity jurisdiction because Ginson is fraudulently joined.[2] Plaintiff disputes this and seeks remand.

---

[1] The state court record includes an affidavit showing Ginson has been served (Doc. 1-6 at 26) and none of his filings to this Court challenge service of process. (*E.g.*, Docs. 14, 21.)

[2] All Defendants have consented to removal and join in the opposition to Plaintiff's Motion to Remand, which was filed by Blaise. (Docs. 14, 15, 16.)

**Legal Standard**

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). The removing party has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

A case otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. In assessing fraudulent joinder,

> the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003). "[I]f there is a 'colorable' cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." *Id.* at 810.

**Discussion**

The Court is tasked with determining whether there is a reasonable basis in Missouri state law to support a claim against Ginson under the facts alleged.[3] *See Dannix Painting, LLC v. Sherwin-Williams Co.*, 732 F.3d 902, 905 (8th Cir. 2013) (federal courts sitting in diversity apply the state law). Plaintiff makes the following relevant allegations in her Complaint. From approximately 1904 to 1982, Amoco owned and operated a 430-acre oil refining facility in Sugar Creek, Missouri. (Doc. 1-1 ¶¶ 11-12.) Since 1982, Amoco operated the facility as an asphalt plant and a petroleum marketing and distribution terminal. (*Id.* at ¶ 13.) Ginson is a former Amoco employee who served as Coordinator of Environmental Control at the facility. (*Id.* at ¶¶ 7.) Defendants controlled the construction, operation, and maintenance of the facility. (*Id.* at ¶ 38.)

---

[3] It is undisputed that this case is removed solely on the basis of diversity jurisdiction and that the amount in controversy in this case exceeds $75,000.

Defendants spilled, leaked and dumped "hundreds of millions of gallons" of pollutants onto the ground, surfacewater, and into the groundwater, leading to the migration of pollutants beyond the borders of the facility. (*Id.* at ¶ 39.) Defendants knew or should have known that the pollutants were discharged "but failed to take reasonable and necessary steps to prevent the migration of [p]ollutants[.]" (*Id.* at ¶ 45.)

Plaintiff's deceased husband, Alexander Petrovic, lived in Sugar Creek, Missouri, from 1948 (the year he was born) to 1970.[4] (*Id.* at ¶ 20.) Mr. Petrovic lived and played near the facility and was exposed to pollutants through inhalation and dermal absorption. (*Id.* at ¶¶ 21-22, 24.) Testing performed by Amoco verified that chemical pollutants are present in groundwater, soil and indoor air in the neighborhoods near the Facility. (*Id.* at ¶ 18.) In 2017, Mr. Petrovic was diagnosed with Acute Myeloid Leukemia ("AML"). (*Id.* at ¶ 25.) Mr. Petrovic's exposure to pollutants released by the facility caused or contributed to cause him to develop AML. (*Id.* at ¶ 26.) Mr. Petrovic died of AML in 2017. (*Id.* at ¶ 25.)

Plaintiff's Complaint, among other claims, asserts a claim for negligence against Ginson. "The elements for a claim of negligence are as follows: (1) defendant has a legal duty to use ordinary care to protect plaintiff from injuries; (2) breach of that duty; (3) proximate cause between the breach and resulting injury; and (4) actual damages to plaintiff's person or property." *Phelps v. Bross*, 73 S.W.3d 651, 657 (Mo. App. 2002) (citing *Hoover's Diary, Inc. v. Mid Am. Dairymen, Inc.*, 700 S.W.2d 426, 431 (Mo. banc 1985). Under Missouri law, employees may be held personally liable to a third party in certain instances. *Hutchen v. Wal-Mart Stores East I, LP*, 555 F. Supp. 2d 1013, 1018 (E.D. Mo. 2008) (citing *State ex rel. Kyger v. Koehr*, 831 S.W.2d 953, 956 (Mo. Ct. App. 1992)). "First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer." *Id.* (citation omitted). "A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person." *Id.* (citation omitted). "In the second situation, the test is whether [the employee] has breached his legal duty or has been negligent with respect to something over which he did have control." *Id.* (quotation marks and citation omitted).

---

[4] Pursuant to Mo. Rev. Stat. § 537.080(1), a decedent's surviving spouse may bring a wrongful death action.

Upon review, the Court concludes that the Complaint, although inartfully, states facts sufficient to make a colorable claim against Ginson under Missouri law. *See Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (fraudulent joinder is not evaluated based on "the artfulness of the plaintiff's pleadings"); *id.* at 445 (fraudulent joinder standard is less demanding than when considering a Rule 12(b)(6) motion to dismiss). Plaintiff alleges that Ginson was an employee at Amoco and served as Coordinator of Environmental Control. Defendants admit Ginson was employed from 1961 to 1982, which overlaps the time period when Mr. Petrovic is alleged to have lived nearby. In addition, Plaintiff alleges that Defendants "knew or should have known" that the pollutants were discharged but failed to take reasonable steps to prevent the migration of pollutants beyond the facility, and that Mr. Petrovic's exposure to pollutants released by the facility caused or contributed to cause him to develop AML, which was ultimately terminal. A different judge of this Court found nearly identical allegations sufficiently analogous to the situation in *Hutchen* where knowledge of a manager of a dangerous condition could create a duty under Missouri law. *See Willis v. BP Corp. N. Am., Inc.*, No. 4:12-cv-00646-BP (W.D. Mo. Sept. 26, 2012) (citing *Hutchen*, 555 F. Supp. 1013 at 1019).[5]

Defendants argue that Ginson could not have owed a duty to Mr. Petrovic because he had no management role before 1970. (Doc. 1-2) (Notice of Removal, Ex. B - Aff. of Ginson.) Plaintiff maintains that Mr. Petrovic was "exposed to benzene from Defendant's refinery from 1948 through at least 1980." (Doc. 8-1) (Mot. to Remand, Ex. 1 - Aff. of Stephen E. Petty.) However, the issue raised by the affidavits cited to by the parties—whether Ginson's management role overlaps Mr. Petrovic's period of exposure to pollutants—is a factual issue. *See Hutchen*, 555 F. Supp. 2d at 1019 (assessing fraudulent joinder and rejecting the argument that the employee was not "ultimately responsible" on the basis that it was an improper factual issue). Consideration of the affidavits is inappropriate because the Court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved" and it must "resolve all facts . . . in the plaintiff's favor." *Filla*, 336 F.3d at 811; *compare Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (some courts

---

[5] The parties dispute the weight of *Willis*, which involved a similar wrongful death action against some of the same defendants named here, including Ginson. Although *Willis* is persuasive and the result in both *Willis* and this case are the same (finding that Ginson was not fraudulently joined), the case also involved different plaintiffs and alleged exposure period.

4

examine material beyond the complaint's allegations when considering the question of fraudulent joinder), *with Bailey v. Zimmer Biomet Holdings, Inc.*, No. 4:18-CV-1287 CAS, 2018 U.S. Dist. LEXIS 182364, at *14 (E.D. Mo. Oct. 24, 2018) ("neither the Eighth Circuit nor the Supreme Court has instructed courts to consider material beyond the state court petition" to evaluate fraudulent joinder) (collecting district court cases declining to consider matters outside the complaint). As a result, Defendants fail to meet their burden of establishing by a preponderance of the evidence that Plaintiff has no arguably reasonable basis for a claim against Ginson under Missouri law.

Moreover, the Notice of Removal is deficient to confer removal jurisdiction because it fails to assert the individual parties' citizenship. *See Reece v. Bank of N.Y. Mellon*, 760 F.3d 771, 777-78 (8th Cir. 2014). The Notice only asserts the states where the individual parties are "residents," which is not synonymous with "citizen" or "domicile." *See id.* at 778. Assuming the deficiency could be corrected by amending the Notice of Removal as was permitted in *Reece*, the Court does not find Ginson was fraudulently joined. Even were the Court to find Ginson was fraudulently joined, if the individual parties are in fact citizens of the states where they are residents, the Court would lack diversity jurisdiction because Blaise and Plaintiff would both be citizens of Kansas.[6] The case should proceed in state court.

### Conclusion

Accordingly, Plaintiff's Motion to Remand is **GRANTED** (Doc. 7) and this case is **REMANDED** to the Circuit Court of Jackson County, Missouri. However, Plaintiff's request for costs for seeking the remand of this action is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 14, 2019

---

[6] In their Notice of Removal, Defendants assert that Blaise was also fraudulently joined. (Doc. 1 at ¶¶ 14-16.) Plaintiff presents no argument regarding Blaise, but states that she does not concede that Blaise was fraudulently joined. (Doc. 17 at 4.) Because the Court finds Ginson was not fraudulently joined, the case must be remanded. The Court need not address Defendants' argument regarding Blaise.